UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., ) <br> ) <br>     Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> ) <br> LUIS MIGUEL GUZMAN et al., ) <br> ) <br>     Defendants. ) <br> _____ ) | 2:12-cv-01483-RCJ-GWF <br><br> **ORDER** |

     This case arises out of Defendants' unauthorized intercept and public display of a boxing match in which Plaintiff had exclusive distribution rights. The Clerk entered default, and Plaintiff asked the Court for a default judgment in the amount of $114,200. After a damages hearing, the Court entered judgment in the amount of $19,300. Plaintiff has now asked the Court to vacate the judgment and dismiss the action with prejudice pursuant to Nevada Rule of Civil Procedure 60(a), because Plaintiff has discovered that Defendants filed for bankruptcy protection prior to the entry of judgment.

     First, the federal rules, not the state rules, apply in this federal proceeding. Next, Rule 60(a) does not apply, as there was no clerical error or oversight by the Court. One potential error was that this Court would have had no statutory authority to enter judgment or issue a writ of execution if the automatic stay had been in effect when the summonses were served or when judgment was entered. *See* 11 U.SC. § 362(a). The judgment the Court entered may therefore be void, such that the Court should set it aside. *See* Fed. R. Civ. P. 60(b)(4). Another potential error was that Plaintiff's claim

may have been discharged by operation of law before Plaintiff filed the Complaint here, even if the Court had statutory authority to enter judgment on it. *See* 11 U.S.C. § 727.

The docket in Defendants' bankruptcy case, No. 11-bk-27816-LBR, indicates that Defendants filed a voluntary Chapter 7 Petition on November 15, 2011, and that the bankruptcy judge discharged Defendants pursuant to § 727 on February 15, 2012. In Chapter 7 individual bankruptcy cases such as Defendants', the automatic stay dissolves by operation of law upon discharge of the debtor. *Id.* § 362(c)(2)(C). The automatic stay was therefore lifted by operation of law approximately six months before the present action was filed and the summonses served, so the Court had statutory authority to enter judgment against Defendants on the civil claim as a general matter, and Rule 60(b)(4) does not apply. Still, the acts complained of in the Complaint occurred on November 14, 2009. A § 727(a) discharge "discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title . . . ." *Id.* § 727(b). The present judgment debt did not arise until this Court entered judgment. However, in Schedule F of the Chapter 7 Petition, Defendants clearly listed Plaintiff as a creditor holding a $100,000 unsecured nonpriority claim arising on November 14, 2009, and that claim was presumably determinable under § 502.

The Court will therefore grant the motion to vacate the judgment and dismiss with prejudice, as it appears the present civil claim was discharged in bankruptcy before the Complaint was filed. The Court will of course also quash the writ of execution.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Vacate (ECF No. 22) is GRANTED, the Judgment (ECF No. 19) is VACATED, the Writ of Execution (ECF No. 21) is QUASHED, and the case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED: This 14th day of November, 2013.

_____
ROBERT C. JONES
United States District Judge

2